IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES L. TUNGETT and Wife, MEGAN E. CALDWELL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:05-CV-289 |
| ALFRED V. PAPIERSKI, | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

In this Clean Water Act ("CWA") case, plaintiffs invoke the court's subject matter jurisdiction under the citizen suit provision of 33 U.S.C. § 1365. Presently before the court is defendant's motion to dismiss for lack of subject matter jurisdiction [doc. 4]. Plaintiffs have filed a brief in opposition [doc. 6], to which defendant has submitted a reply [doc. 7]. For the reasons that follow, the motion will be denied.

I.

*Background*

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal if the federal court lacks jurisdiction over the subject matter of a plaintiff's claim. Where, as with the present motion, a defendant attacks the claim of jurisdiction on its face, then the court must consider all allegations of the complaint as true. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

According to the instant complaint, the parties are owners of neighboring real property in Monroe County, Tennessee. Two springs are located on plaintiffs' land, as is a wet weather conveyance and a portion of the stream known as Kinser Branch. Defendant is alleged to have trespassed onto plaintiffs' property and "bulldoz[ed] and push[ed] soil and debris into Kinser Branch ... severely damag[ing] the stream, causing severe erosion and sediment to enter the stream[.]" [Complaint, ¶ 2-4]. Plaintiffs also allege:

- sediment entering the stream ... resulting from defendant's earth moving activity [Complaint, ¶ 10];

- dredged [sic] and fill activities that adversely affected the waters of the United States . . . . The defendant failed to obtain requisite permits ... before engaging in the aforementioned activity [Complaint, ¶ 15];

- [a] considerable amount of sediment was ... discharged into Kinser Branch and the flow capacity of the stream was visibly diminished as a result of the alteration to the stream banks and the surrounding land [Complaint, ¶ 16];

- Papierski [] bulldozed the wet weather conveyance, the stream and the stream banks of Kinser Branch and the spring on plaintiff's [sic] property [Complaint, ¶ 17];

- [t]he defendant ... bulldozed a portion of Kinser Branch ... pushing dirt, trees and debris into the stream [Complaint, ¶ 29, 32];

- fail[ure] to apply for and receive permits to dredge and fill waters of the United States (Kinser Branch) [Complaint, p. 12]; and

- unlawful dredging and filling of a wet weather conveyance and portions of Kinser Branch, causing severe erosion and sediment disposition in the stream [Complaint, p. 13].

Defendant appears to acknowledge that the facts presented in the complaint must "be assumed to be true for the purposes of this motion." [Doc. 5, p. 1]. Nonetheless,

ignoring the complaint's repeated allegations that sediment and debris were *bulldozed into Kinser Branch*, defendant characterizes the dispute as involving materials which "are the natural neighbors of a woodland stream . . . [which] simply fell into the stream after being cut down." [Doc. 5, p. 4]. Incredibly, defendant further recharacterizes the complaint by stating

> . . . True, the driving of a bulldozer through a stream will disturb the soil on the stream bottom and banks, but so will children wading barefoot in the stream, horses and cattle crossing a stream and trout fisherman [sic] wading in the stream. None of these activities have ever been declared to be a violation of the Clean Water Act, and no case defendant is aware of has held that *simply driving a bulldozer through a stream* is a violation.

[Doc. 7, p.1] (emphasis added). Defendant's spin notwithstanding, the above-cited portions of the complaint make clear that plaintiffs' allegations go beyond falling leaves, trout fishermen, wayward cattle, or "*driving* a bulldozer."

II.

*Analysis*

The CWA authorizes citizen suits against any person "who is alleged to be in violation of [] an effluent standard or limitation[.]" 33 U.S.C. §1365(a)(1)(A). "The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an effluent standard or limitation[.]" 33 U.S.C. § 1365(a).

The CWA defines seven categories of "effluent standards or limitations." *See* 33 U.S.C. § 1365(f). Presently at issue is whether plaintiffs have pled a violation of the first of these standards, which is "an unlawful act" under 33 U.S.C. § 1311(a). *See id.* According

3

to defendant, plaintiffs have failed to plead a violation of § 1311(a), and thus this court does not have § 1365(a) subject matter jurisdiction over what is otherwise a state law dispute between citizens of Tennessee.

Section 1311(a)'s "effluent standard" provides that, with exceptions not presently relevant, "the discharge of any pollutant by any person shall be unlawful." 33 U.S.C. § 1311(a). "[D]ischarge of a pollutant" is defined in material part as "any addition of any *pollutant* to navigable waters from any *point source*[.]" 33 U.S.C. § 1362(12)(A) (emphasis added).[1] The parties dispute whether plaintiffs have pled the existence of: (a) a "pollutant"; and (b) a "point source."

### A. "Pollutant"

> The term "pollutant" means dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discarded into water.

33 U.S.C. § 1362(6). Defendant correctly notes that sediment, soil, dirt, trees, and organic debris are not expressly included within this definition. Nonetheless, the Sixth Circuit's "interpretation of water pollution legislation [is] that it be given a generous . . . construction." *United States v. Hamel*, 551 F.2d 107, 112 (6th Cir. 1977) (concluding that "petroleum products," although not expressly included in the definition, are "pollutants"). The undersigned must accordingly agree with other courts that have considered the issue.

---

[1] The instant motion does not contest that Kinser Creek is "navigable waters."

Materials such as those presently in dispute are in fact "pollutants." *See Borden Ranch P'Ship v. United States Army Corp of Eng'rs*, 261 F.3d 810, 815 (9th Cir. 2001) ("soil [that] was wrenched up, moved around, and redeposited somewhere else" was a pollutant); *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 311 F. Supp. 2d 91, 93 n.1 (D.D.C. 2004) ("Earth that is removed during ditching and other landclearing operations is also considered a 'pollutant' under the CWA."); *North Carolina Shellfish Growers Ass'n v. Holly Ridge Assocs., LLC*, 278 F. Supp. 2d 654, 676-77 (E.D.N.C. 2003) ("sediment is a pollutant"); *Hanson v. United States*, 710 F. Supp. 1105, 1108 (E.D. Tex. 1989) (dirt is a pollutant).

### B. "Point Source"

> The term "point source" means any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged.

33 U.S.C. § 1362(14). Defendant argues that there was no use of a "point source" in the present case because the "soil and natural debris . . . simply fell into the stream[.]" [Doc. 5, p. 4]. As noted above, defendant does not accurately represent the allegations of the complaint, which at this stage of the litigation must be considered true. Further, a bulldozer is a "point source." *See Borden Ranch P'ship*, 261 F.3d at 815; *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 922 (5th Cir. 1983); *Nat'l Ass'n of Home Builders*, 311

F. Supp. 2d at 93 n.1; *United States v. Lambert*, 915 F. Supp. 797, 802 n.8 (S.D. W. Va. 1996); *United States v. Weisman*, 489 F. Supp. 1331, 1337 (M.D. Fla. 1980).

Plaintiffs have thus pled an "unlawful act" under § 1311(a) and have accordingly pled a violation of an "effluent standard or limitation," giving this court subject matter jurisdiction over their citizen suit. The motion to dismiss will be denied. An order consistent with this opinion will be entered.

ENTER:

　　　　　s/ Leon Jordan　　　　
United States District Judge