IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES L. TUNGETT and wife, | ) | |
| MEGAN E. CALDWELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 3:05-cv-289 |
| | ) | (Jordan/Shirley) |
| ALFRED V. PAPIERSKI, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 21] of the Honorable Leon Jordan, United States District Judge, for disposition of Plaintiffs' Motion to Compel Defendant to Comply with Agreed Discovery Plan [Doc. 19].

This is an action for trespass, abatement of a public nuisance, and for violations of the Clean Water Act, 33 U.S.C. § 1365. In their complaint filed on June 10, 2005, the plaintiffs Charles L. Tungett and Megan E. Caldwell allege that the defendant Alfred V. Papierski placed a bulldozer directly into Kinser Branch, destroying a spring on the plaintiffs' property and creating a condition of continuing soil erosion and sediment disposition. The plaintiffs further allege that the defendant came onto the plaintiffs' property without permission and attempted to destroy boundary markers as he bulldozed debris and soil into Kinser Branch on the plaintiffs' property. [Doc. 1]. The defendant filed a motion to dismiss for lack of jurisdiction on July 15, 2005. [Doc. 4]. The

Court denied that motion on January 10, 2006. [Doc. 12]. Thereafter, on January 24, 2006, the defendant filed an answer, denying any wrongdoing. [Doc. 13].

On March 20, 2006, the parties filed a Joint 26(f) Report [Doc. 16], wherein the parties agreed to make their Rule 26(a)(1) disclosures before April 6, 2006 and to engage in an initial phase of limited discovery prior to attempting mediation. The parties further agreed to the following discovery dates:

> (a) The Parties will complete initial depositions of key witnesses for each party by June 30, 2006;
>
> (b) The Parties will participate in mediation or settlement conference by July 31, 2006; and
>
> (c) The Parties will complete all discovery, including expert depositions, by sixty (60) days before trial.

[Doc. 16]. The "key witnesses" referred to in the Rule 26(f) Report included the parties and the parties' respective surveyors.

The Court conducted a scheduling conference on March 27, 2006. The Scheduling Order which followed requires disclosure of expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) by the plaintiffs 180 days before trial and by the defendant 150 days before trial, and for discovery to be completed within 30 days of trial [Doc. 18 ¶ 4(d), (h)].

On April 10, 2006, the plaintiffs made their initial Rule 26(a)(1) disclosures, including the name and contact information of the plaintiffs' surveyor. The defendant also made his initial disclosures at that time; however, no surveyor was named in his disclosures. On May 1, 2006, the plaintiffs' counsel contacted the defendant's counsel to schedule depositions. Defendant's counsel stated that he was having difficulty getting in touch with defendant's surveyor, but the attorneys nevertheless agreed to schedule depositions for June 14-15, 2006.

On May 16, 2006, defendant's counsel contacted plaintiffs' counsel and advised that the defendant's surveyor had lost all of his calculations and field notes and would be unable to complete his report in time for the depositions. The surveyor estimated that it would be at least a month before he could survey the property again, so the defendant elected not to re-engage this surveyor. Defendant's counsel advised plaintiffs' counsel that a new surveyor would have to be hired. Plaintiffs' counsel agreed to postpone the depositions to give the defendant a week to locate another surveyor. The defendant, however, was unable to procure another surveyor within the week. On June 2, 2006, defendant's counsel contacted plaintiffs' counsel and advised that a surveyor was being consulted and had been onsite reviewing the task. However, this surveyor was apparently not hired.

The defendant's deposition went forward as scheduled on June 15, 2006. During his deposition, the defendant was asked if he had talked with any surveyors about surveying the property. The defendant testified that he had. When the defendant was asked whom he had talked to, defendant's counsel objected on the basis of work product. [Doc. 20 Ex. 6 at 13-14]. The defendant went on to testify in his deposition that he had not yet hired a surveyor. [Id. at 14].

The plaintiffs move for an Order compelling the defendant to comply with the agreed-upon Discovery Plan [Doc. 16] filed with the Court on March 20, 2006. Specifically, the plaintiffs argue that the Court should compel the defendant to produce his surveyor for deposition in accordance with the discovery plan and in preparation for the mediation, which both parties agreed and previously represented to the Court would take place in July, 2006. In the alternative, the plaintiffs move for an Order prohibiting the defendant from using the testimony of a surveyor at trial, at a hearing, or at any future mediation. The plaintiffs further seek an award of attorney's

fees and expenses incurred in pursuing this motion. For grounds, the plaintiffs argue that the defendant's failure to disclose the name of potential surveyors in his initial disclosures, his continued failure to either hire a surveyor or to disclose potential surveyors, and his refusal (on instruction of his legal counsel) to answer a question posed during his deposition regarding the surveyor with whom he has spoken all constitute a failure to cooperate in discovery as contemplated and prohibited by Rule 37(a). [Doc. 19].

The defendant opposes the plaintiffs' motion, arguing that the plaintiffs cite no basis in the Rules of Civil Procedure or case law for their motion, other than a conclusory claim that they are entitled to sanctions. The defendant argues that he has contacted at least twelve surveyors since May 16, 2006, but could not find any who could complete the survey in time to be subjected to a deposition in June, 2006. The defendant argues that his inability to adhere to the parties' discovery plan in light of this unexpected development does not constitute intentional delay, bad faith or willful failure to make any required disclosures. The defendant further argues that there is ample time for the parties to complete discovery, despite his difficulties in retaining a surveyor expert. Accordingly, the defendant argues, the plaintiffs' motion should be denied. [Doc. 22].

The defendant is technically correct that neither the Scheduling Order nor the Federal Rules of Civil Procedure provide a specific means to award sanctions for the defendant's failure to comply with the terms of the parties' Rule 26(f) discovery plan. The defendant was not required to disclose his surveying expert as part of his Rule 26(a)(1) disclosures. See Fed. R. Civ. P. 26(a)(2) (addressing disclosure of expert witnesses). Moreover, the Scheduling Order does not require the disclosure of expert witnesses by the defendant until 150 days before trial. Accordingly, the defendant's failure to disclose his expert witness within the time frame contemplated by the parties'

4

discovery plan is not technically sanctionable under the rules.[1] Accordingly, Plaintiffs' Motion to Compel Compliance with Discovery Plan [Doc. 19] must be **DENIED**.

However, while the defendant's failure to disclose an expert witness and to make that witness available for depositions as previously agreed upon may not be a technical violation of the Rules or the Scheduling Order, this does not mean that the defendant's actions are beyond reproach. Both parties recognized early on in this litigation that expedited disclosure and discovery of their respective surveying experts would likely lead to a speedy (and hopefully more economical) resolution of this case. Having agreed to such a plan, it was incumbent upon the defendant to honor his agreement, and when problems arose with his expert, to redouble his efforts. At the very least, the defendant's attorney should have kept the plaintiffs' attorney better apprised of his efforts in this regard. By the same taken, the plaintiffs' attorney should have been more patient with opposing counsel, particularly in light of this unanticipated problem and the resulting difficulty in obtaining a new expert. This type of professionalism and courtesy will generally obviate the need for Court involvement.

Thus, while the Court cannot compel the defendant's compliance with the parties' discovery plan under the Rules of Civil Procedure or otherwise impose sanctions, the Court expects the defendant to honor the spirit of his agreement with the plaintiffs, and to make every effort to

---

[1]Nor is the plaintiffs' request for sanctions warranted on the basis that the defendant refused to answer a question in his deposition regarding potential experts with whom he has spoken. When the defendant was asked about these potential experts, defendants' counsel objected, claiming attorney work product. The Court notes that this claim of privilege has not been challenged. Even if it were challenged, the plaintiffs have not shown any basis to justify disclosure of identities of experts consulted by the defendant but not retained, nor have the plaintiffs shown the "exceptional circumstances" required to learn about non-testifying experts who have been retained by the defendant. See Fed. R. Civ. P. 26(b)(4)(B).

5

retain a new expert, as soon as possible, and to conduct the expedited discovery contemplated by the parties in their discovery plan.[2]

**IT IS SO ORDERED.**

                                                **ENTER:**

                                                  s/ C. Clifford Shirley, Jr.  
                                                United States Magistrate Judge

---

[2] Included in this expedited discovery should be the exchange of expert reports and expert disclosures, as provided for in Rule 26(a)(2) and 26(b)(4)(A), prior to the experts being deposed.