IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHARLES L. TUNGETT and Wife, )
MEGAN E. CALDWELL, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　)
v. ) No. 3:05-CV-289
　　　　　　　　　　　　　　　　　　　)
ALFRED V. PAPIERSKI, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant. )

## MEMORANDUM OPINION

This civil action is before the court on plaintiffs' motion for partial summary judgment [doc. 26]. Plaintiffs seek summary judgment *as to liability only* on all four counts of their complaint, and also as to certain *facts*. Defendant has responded to the motion [doc. 28] and plaintiffs have filed a reply [doc. 29]. For the reasons that follow, plaintiffs' motion will be denied in its entirety.[1]

---

[1] As an initial matter, the court observes that each party has attached supporting documents to their briefing without proper authentication by affidavit or deposition. When ruling on a motion for summary judgment, a court may consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits[.]" Fed. R. Civ. P. 56(c). "Other exhibits may be admitted into evidence and considered if the exhibits are properly authenticated and attached to an affidavit." *Guzman v. Denny's, Inc.*, 40 F. Supp. 2d 930, 935 n.3 (S.D. Ohio 1999). "Documents which do not meet those requirements cannot be considered." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000); *see also Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994). In the present case, however, the court *has* considered the unauthenticated documents because neither party objected to their inclusion, thus waiving the objection. *See Guzman*, 40 F. Supp 2d at 935 n.3; 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2722 (3d ed. 1998).

I.

*Background*

Plaintiffs invoke the court's subject matter jurisdiction under the citizen suit provision, 33 U.S.C. § 1365, of the federal Clean Water Act ("CWA"). Their complaint also alleges violations of several provisions of Tennessee's Water Quality Control Act ("WQCA"), Tenn. Code Ann. § 69-3-101 to 69-3-137, along with claims of trespass and public nuisance.

The parties are owners of neighboring real property in Monroe County, Tennessee. Their dispute involves a stream known as Kinser Branch, which flows through each parties' land. Defendant is alleged to have harmed the quality and quantity of Kinser Branch through bulldozing activity purportedly occurring both on his and on plaintiffs' land.

II.

*Analysis*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *If* the moving party carries its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

586-87. The non-movant's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In their present motion, plaintiffs offer minimal citation to undisputed *material facts* and they engage in virtually no legal analysis. "District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits . . . because the rules of procedure place [that] burden on the litigants[.]" *Baltes*, 15 F.3d at 662-63. Courts will not grant summary judgment based on "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation . . . . It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation and quotation omitted).

III.

*Analysis*

A. Facts

Plaintiffs in part seek summary judgment as to two *facts* - the location of the parties' boundary line and the location of springs that are "the source of water in Kinser Branch." Under Rule 56, summary judgment may be granted as to *claims* or *matters of law* - not *facts*. *See* Fed. R. Civ. P. 56(a), (c). The court instead anticipates that all uncontroverted facts will be stipulated by the parties in their agreed pretrial order. Plaintiffs' request for summary judgment as to facts will be denied.

B. Clean Water Act

Plaintiffs seek injunctive and declaratory relief under the CWA, which authorizes citizen suits against any person "who is alleged to be in violation of [] an effluent standard or limitation[.]" 33 U.S.C. §1365(a)(1)(A). The effluent standard or limitation(s) at issue in this case are defendant's alleged addition of a pollutant *into navigable waters* from a point source without a permit. *See* 33 U.S.C. §§ 1365(f), 1311(a), 1362(12), 1341(a).

The question of whether Kinser Branch is "navigable waters" was not at issue in an earlier motion to dismiss filed by defendant. *See Tungett v. Papierski*, No. 3:05-CV-289, 2006 WL 51148, at *2 n.1 (E.D. Tenn. Jan. 10, 2006). It is, however, an element of plaintiffs' CWA claim that they must prove in order to be entitled to judgment as a matter of law.

4

"The term 'navigable waters' means the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7). "Navigable waters" need not be "navigable" in the traditional sense. *See, e.g., Rapanos v. United States*, 126 S. Ct. 2208, 2220 (2006). Conversely, the term is not so broad as to encompass *all* water. *See id.*; 33 C.F.R. § 328.3(a).

In their briefing, plaintiffs have cited no evidence or pertinent law to meet their burden of demonstrating that Kinser Branch is in fact "navigable waters." *See McPherson*, 125 F.3d at 995-96; *Baltes*, 15 F.3d at 662-63. They have therefore failed to prove one element of their CWA claim. Their summary judgment motion must be denied on this issue, and the court need not go on to address the remaining elements of the CWA claim.

### C. WQCA

Without citation to pertinent authority, plaintiffs move for summary judgment on their WQCA claim. Defendant did not file a motion to dismiss on this count, which would appear to likely be the subject of a future Rule 50(a) motion at trial. Nonetheless, the only motion presently before the court is plaintiffs' summary judgment filing, which must be denied because no private right of action exists under the WQCA. *See Ergon, Inc. v. Amoco Oil Co.*, 966 F. Supp. 577, 586 (W.D. Tenn. 1997).

### D. Public Nuisance

Plaintiffs move for summary judgment on their public nuisance claim. As defendant correctly points out, a party may not obtain relief from a public nuisance without

pleading and proving a private injury distinct from that experienced by the public as a whole. *See, e.g., Weakley v. Page*, 53 S.W. 551, 556 (Tenn. 1899).

In their reply to this point, plaintiffs cite only a letter received by defendant [doc. 26, ex. D] from the State of Tennessee Department of Environment and Conservation describing a violation of § 114 of the WQCA. That section states in pertinent part that "[a]ny such action is declared to be a public nuisance." Tenn. Code Ann. § 69-3-114(a). According to plaintiffs' argument, the rule articulated in *Weakley* "is not applicable and is superseded by the Tennessee General Assembly's enactment of the Tennessee Water Pollution Control Act[.]" [Doc. 29, p.2].

Because plaintiffs offer a lack of in depth analysis, it is difficult to ascertain the substance of their public nuisance theory. *See McPherson*, 125 F.3d at 995-96; *Baltes*, 15 F.3d at 662-63. The court's best reading of the above-cited argument, however, indicates that plaintiffs base this claim wholly on a provision of the WQCA. Again, there is no private cause of action under that statute. *Ergon*, 966 F. Supp. at 586. For this reason, and because plaintiffs have not proven a distinct private harm (as will be discussed in more detail below), their motion for summary judgment must be denied as to their public nuisance claim.

E. Trespass

Under Tennessee law, "[o]ne is subject to liability to another for trespass . . . if he intentionally . . . enters land in the possession of the other, or causes a thing . . . to do so." *City of Jackson v. Walker-Hall, Inc.*, No. W2004-01612-COA-R3-CV, 2005 WL 1834114, at *5 (Tenn. Ct. App. Aug. 3, 2005) (citation omitted). Plaintiffs cite several items of evidence on this point, but the evidence is insufficient - individually or collectively - to carry their burden of demonstrating the absence of a genuine issue of material fact.

Exhibit A to the summary judgment motion is the statement of a surveyor. This evidence may be relevant to the location of the property line, but does not demonstrate that defendant crossed, or caused a thing to cross, the boundary. Exhibit C to defendant's summary judgment response is a letter from a federal conservationist. This evidences that defendant disturbed an area "along" Kinser Branch on his own land, but it does not prove that he caused sediment to enter plaintiffs' property. Similarly, exhibits D and E-3 to the summary judgment motion evidence that defendant caused sediment to be deposited in the stream, but not that the sediment made its way onto plaintiffs' property. Lastly, citing exhibit B to their motion and exhibit A to defendant's response, plaintiffs *allege* that defendant entered their property, but the court's reading of these exhibits shows that defendant denies doing so.

Therefore, plaintiffs have not carried their initial burden of showing that there are no genuine issues of material fact in dispute. Their motion for partial summary judgment as to their trespass claim must accordingly fail.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge