IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHARLES L. TUNGETT and Wife, )
MEGAN E. CALDWELL, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　)
v. ) No. 3:05-CV-289
　　　　　　　　　　　　　　　　　　)
ALFRED V. PAPIERSKI, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

## **MEMORANDUM OPINION**

Now before the court are the motions for attorney fees and costs filed by defendant [doc. 85] and by plaintiffs [doc. 90]. Each party has responded to the other's motion [docs. 88, 93, 94] and the matters are ripe for the court's consideration. For the reasons that follow, both motions will be denied.[1]

I.

*Background*

This civil action was tried before a jury on May 29, 30, and 31, 2007. Plaintiffs' complaint alleged: (1) violation of the CWA; (2) violation of Tennessee's Water Quality Control Act ("WQCA"); (3) a common law claim of trespass; and (4) a common law claim of public nuisance. The court dismissed the WQCA claim on defendant's Rule 50(a)

---

[1] The present memorandum and accompanying order address *only* the parties' requests for fees and costs as "prevailing parties" under the Clean Water Act ("CWA"), 33 U.S.C. § 1365(d). The instant ruling is not intended to impact the separate, and more general, process by which the Clerk of Court assesses fees and costs.

motion for judgment as a matter of law. The court denied the Rule 50(a) motion as to plaintiffs' other claims, and those matters went to the jury. The jurors returned a defense verdict on the CWA and nuisance counts but found in plaintiffs' favor on the state law trespass claim, awarding $2,500.00 in damages.

II.

*Authority*

It is of course the general rule in this country that, absent a contrary statutory provision, litigants are responsible for their own attorney fees. *See, e.g., Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978). At issue in the present motions is that part of the CWA allowing a court discretion to award costs and fees to a "prevailing or substantially prevailing party." *See* 33 U.S.C. § 1365(d) ("The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonably attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.").

III.

*Plaintiffs*

Although the jury did not find for plaintiffs on their CWA claim, plaintiffs nonetheless argue that they achieved "prevailing party" status under the CWA due to the favorable jury verdict on their state law trespass count. The court does not agree and deems an award of fees inappropriate in this case.

2

Again, a party is responsible for its own attorney fees in common law suits, such as actions in trespass, absent a statute providing otherwise. The only statute cited by plaintiffs is § 1365(d), which authorizes discretionary fee awards in "action[s] brought pursuant to" the CWA. Clearly, plaintiffs did not "prevail" on their count "brought pursuant to" the CWA. They prevailed only on a single, somewhat related, state law trespass claim.

Plaintiffs cite a limited number of cases for the proposition that a partial victory on a state law claim broadly renders them "prevailing parties" for federal statutory purposes. The court has reviewed these cases and finds that none of them stand for the proposition advanced. In *Hensley v. Eckerhart*, 461 U.S. 424, 427-28 (1983), the plaintiffs were successful in some, but not all, of their claims *under the federal civil rights statutes which authorized the attorney fees at issue*. Next, *Andretti v. Borla Performance Industries*, 426 F.3d 824, 835-36 (6th Cir. 2005), concerned the plaintiff's "prevailing party" status under Rule 54(d) of the Federal Rules of Civil Procedure - not any particular statute. Similarly, *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263, 1265-66 (6th Cir. 1988), concerned an award of costs under Rule 54(d), not a statutory award. Lastly, *Buckhannon Board & Care Home v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 603-10 (2001), and the cases cited therein by plaintiffs, do not address the current circumstance - where a litigant's "partial victory" occurred under a cause of action *other than* the fee-authorizing statute.

In sum, the instant case involves an unsuccessful CWA claim in a multi-count suit where the plaintiffs were ultimately victorious only as to a state law trespass claim. The mere presence of the CWA count does not justify a radical departure from the fundamental rule that prevailing trespass litigants are not entitled to an award of attorney fees. The court determines that an award of fees and costs is not appropriate in this case, and plaintiffs' request will be denied.

IV.

*Defendant*

Citing the jury verdict in his favor on the CWA issue, defendant contends that *he* is a prevailing party entitled to fees and costs under § 1365(d). Courts have recognized that a "prevailing" defendant may be entitled to fees and costs under the CWA. *See, e.g., Nat'l Wildlife Fed'n v. Consumers Power Co.*, 729 F. Supp. 62, 64 (W.D. Mich. 1989). However, such awards occur only if the plaintiff's claim was "frivolous, meritless or vexatious." *Id.* at 64. In the present case, the court does not view plaintiffs' action as reaching the level of "frivolous, meritless or vexatious."

First, the fact that plaintiffs lost on their CWA claim does not in itself justify a fee award. *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980). The court additionally notes the following:

4

1. Defendant filed a motion to dismiss [doc. 4] which the court denied [doc. 12]. The court characterized defendant's legal theories in part as "incredible," "spin," and "inaccurate" [doc. 11];

2. Defendant did not file a motion for summary judgment as to *any* count of the complaint.

3. In his brief supporting the instant motion, defendant primarily argues that "almost assuredly . . . the jury determined that there was no ongoing violation of the Clean Water Act at the time the suit was filed, and no violations occurred between the filing and the trial. That means the plaintiffs had no standing to even bring the suit." [Doc. 86]. While that may or may not be what the jury ultimately determined, it is noteworthy that conflicting expert testimony was offered at trial regarding the "ongoing violation" issue. That conflicting testimony is one reason why defendant's CWA Rule 50(a) motion was denied.

Cumulatively, these facts are inconsistent with a "frivolous, meritless or vexatious" CWA claim. The court accordingly concludes that an award of attorney fees in defendant's favor would be inappropriate in this case.

An order consistent with this opinion will be entered.

ENTER:

                                                s/ Leon Jordan
                                            United States District Judge